| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DAVID B. GOLUBCHIK (SBN 185520)<br>LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.<br>2818 La Cienega Avenue<br>Los Angeles, CA 90034<br>Tel: (310) 229-1234<br>Fax: (310) 229-1244<br>Email: DBG@LNBYG.com<br><br>☐ *Individual(s) appearing without attorney*<br>☒ *Attorney(s) for:* Debtor and Debtor in Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES**

| In re:<br>9301 Cherokee Lane, LLC<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:23-bk-16232-NB<br>CHAPTER: 11<br><br>**CHAPTER 11 STATUS CONFERENCE REPORT (INITIAL)**<br><br>Case Status Conference<br>DATE: 10/31/2023<br>TIME: 1:00 pm<br>COURTROOM: Ctrm 1545 |
|---|---|

## INSTRUCTIONS TO THE DEBTOR(S)

(1) **Keep your answers brief but informative** (use continuation sheets if necessary, numbered to match the items in this report).

(2) **Do not use this form** (a) for later status reports, which should include only short updates, or (b) if the judge presiding over this case requires the use of a different procedure.

(3) You must file and serve this report **at least 14 days before** the status conference listed above. Serve it on the Office of the United States Trustee and on any parties requesting special notice, or as otherwise directed by the court.

(4) Failure to follow these instructions may result in dismissal of this case or other sanctions without further notice.

*Definitions:* "Section" ("§") refers to a section of the Bankruptcy Code, Title 11 of the United States Code (11 U.S.C.); a "Rule" means one of the Federal Rules of Bankruptcy Procedure; "LBR" means the Local Bankruptcy Rules; and other terms have the meanings provided in the Bankruptcy Code, the Rules, and the LBR.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016     Page 1     F 2081-1.1.C11.STATUS.RPT

| **A. OVERVIEW** | |
|---|---|
| **1. Bankruptcy Petition** | Date filed: 9 /25 /20 23 |
| **2. Background and Exit Strategy (discuss all below)**<br>   a.  The Debtor's business/employment;<br>   b.  principal assets/ liabilities (including possible avoidance actions, environmental liabilities, etc.);<br>   c.  what caused the bankruptcy;<br>   d.  exit strategy (for resolving the principal financial and legal issues); and<br>   e.  progress made toward consensual resolution of any disputed issues.<br><br>***Example:*** "the Debtor owns a four-unit apartment building worth approx. $_____, 1st deed of trust approx. $_____, 2nd deed of trust approx. $_____. The Debtor lives in one unit and is employed as building manager. Two tenants stopped paying rent. Debtor plans to complete evictions, obtain paying tenants, and strip off second deed of trust." | Explain: The Debtor owns a luxury single family residence located at 9301 Cherokee Lane, Beverly Hills, CA 90210. The Debtor believes that the value of the property is in excess of $25 million.<br><br>PMF CA REIT, LLC holds a 1st priority lien on the property to secure an obligation of approximately $9.1 million. PMF scheduled a foreclosure sale for 9/26/23, which caused the instant filing on 9/25/23.<br><br>BMO Harris Bank, N.A., holds a 2nd priority lien which was intended to secure obligations unrelated to the Debtor and which, the Debtor understands, is fully secured by non-debtor assets.<br><br>The Debtor is pursuing a 2-track approach to reorganization: refinance or sale of property. The Debtor has already obtained initial expressions of interest for financing. The Debtor has also identified a real estate broker to employ to market the property.<br><br>☐ See attached continuation page(s). |
| **3. Petition Document Compliance**<br>   a.  Has the Debtor filed *all* bankruptcy schedules, the Statement of Financial Affairs ("SOFA"), and *all* other documents required by 11 U.S.C. § 521, Rule 1007, and LBR 1007-1 (*e.g.,* any tax returns required by 11 U.S.C. § 521(f), with social security numbers, names of minor children, and other sensitive information blacked out per 11 U.S.C. § 107, § 112, or Rule 9018?); ☐ and<br>   b.  has the Debtor complied with *all* applicable guidelines established by the U.S. Trustee? | **YES**<br><br><br><br>☐ See attached continuation page(s). |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*            Page 2            **F 2081-1.1.C11.STATUS.RPT**

| **B. COMMON "FIRST DAY" MATTERS** | |
|---|---|
| **1. Cash Collateral Use (11 U.S.C. § 363(c))**<br>a. Did the Debtor file a stipulation/motion for use of cash collateral (*see* local form F 2081-2.1.MOTION.CASH.COLLATERAL) with local form F 4001-2.STMT.FINANCE?<br>b. [X] **No.  N/A**<br>c. Did the court approve the requested use of cash collateral?<br>[X] **N/A**<br><br>[ ] | [ ] No:  The property is not generating any income. As a result, there are no cash collateral issues in this case.  Equity holder has provided funds for maintenance of the property.<br><br><br><br>[ ] See attached continuation page(s). |
| **2. Budget motion**<br>Has the Debtor filed a budget motion? *See* Local Form F 2081-2.2.MOTION.BUDGET.<br>[X] **No**<br>[ ] | [ ] No:  The Debtor is not seeking approval of a budget since the property is not generation income.<br><br>[ ] See attached continuation page(s). |
| **3. Insider compensation and transfers**<br>Has the Debtor paid any compensation or made any other transfers after this case was filed to or for the benefit of:<br>　(1) Any insider,<br>　(2) Any owner, partner, officer, director or shareholder of the Debtor, or<br>　(3) Any relative of an insider (as defined in 11 U.S.C. § 101(31))<br>except as permitted per LBR 2014-1 and Form USTLA-12?<br>[X] **No** | [ ] No<br><br><br><br><br><br>[ ] See attached continuation page(s). |
| **4. Automatic stay  (11 U.S.C. § 362(c)(3)&(4))**<br>Is the Debtor an individual who has had one or more bankruptcy cases dismissed within 1 year before this case was filed?<br>[ ] **No**<br>[ ]<br><br>[ ] | [ ] Other (*explain*):<br><br><br><br><br><br>[ ] See attached continuation page(s). |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*　　　　　　　　　　　　　　　　Page 3　　　　　　　　　　　　　　**F 2081-1.1.C11.STATUS.RPT**

### B. COMMON "FIRST DAY" MATTERS

**5. Utilities (11 U.S.C. § 366)** (*see* Local Form F 2081-2.4.MOTION.UTILITIES)
Was a utility motion:
(1) *Filed* within 20 days after this case was filed and
(2) *Set for hearing* within 30 days after this case was filed?

☐ **X** No

☐ **No**, the Debtor has determined that no utility motion is needed

☐ See attached continuation page(s).

### C. LIEN AVOIDANCE ☐ Check here and <u>skip this section</u> if the Debtor does NOT contemplate any lien avoidance.

**1. "Lien Stripping"**
Does the Debtor intend to avoid any unsecured or under-secured liens under 11 U.S.C. § 506 (including motions per *In re Lam,* 211 B.R. 36 (9th Cir. BAP 1997)("*Lam* motions"))?
☐

☐ The Debtor is analyzing the liens on the property and will determine whether an action is warranted based on such analysis and consideration of claims asserted by secured creditors.

☐

☐ See attached continuation page(s).

**2. Judicial Liens** (see Local Form F 4003-2.1.AVOID.LIEN.RP.MOTION and 4003-2.2.AVOID.LIEN.PP.MOTION)
Does the Debtor intend to avoid any *judicial* liens under 11 U.S.C. § 522(f)?

**NO.**
☐

See attached continuation page(s).

### D. PROFESSIONALS (see Local Forms F 2014-1.STMT.DISTINTEREST.PROF (statement of disinterestedness), F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL, and F 2081-2.5.MOTION.EMPLOY.OTHER)

| Professional's Name | Employment App. Filed | Employment Approved | Type of Employment |
|---|---|---|---|
| Levene, Neale, Bender, Yoo & Golubchik L.L.P. (replacement counsel) | Will be filed prior to the Status Conference | | General Bankruptcy Counsel |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 4    **F 2081-1.1.C11.STATUS.RPT**

**D. PROFESSIONALS** (see Local Forms F 2014-1.STMT.DISTINTEREST.PROF (statement of disinterestedness), F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL, and F 2081-2.5.MOTION.EMPLOY.OTHER)

| *Professional's Name* | *Employment App. Filed* | *Employment Approved* | *Type of Employment* |
|---|---|---|---|
| | | | |

☐ See attached continuation page(s)

| *EXAMPLES:* | | | |
|---|---|---|---|
| John Doe, Esq. | 1/1/2050 | 1/7/2050 | 11 U.S.C § 327(a) general bankruptcy counsel |
| Jane Roe et al., LLP | 1/4/2050 to UST, app. to be filed | | 11 U.S.C. §§ 327(e) & 328(a) (special counsel, contingent fee, contract dispute) |
| Richard Poe, Accountant | 1/3/2050 | Pending | 11 U.S.C. § 327(a) (accountant) |

| **E. PROPOSED DEADLINES / PROCEDURES** | |
|---|---|
| **1. Proofs of claim filing deadline** The court will address the deadline to serve a bar date notice at the status conference. | Proposed claims filing bar date: 11/15/2023 |
| **2. Plan of reorganization (or liquidation)** The court will address plan-related procedures at the status conference. Debtor should be prepared to discuss time estimates for filing a proposed plan and disclosure statement. | Proposed deadline to file a proposed plan and disclosure statement: 11/27/2023 |
| **3. Special Plan Procedures** Does the Debtor propose special procedures in connection with any plan or disclosure statement, such as a combined hearing on final approval of the disclosure statement and confirmation of the plan (11 U.S.C § 105(d)(2)(B)(vi))?<br>☒ No. | ☐ No<br><br>☐ See attached continuation page(s). |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 5    **F 2081-1.1.C11.STATUS.RPT**

**NOTE TO THE DEBTOR: YOU MUST ANSWER ALL APPLICABLE QUESTIONS ON THE ATTACHED PAGES**, which deal with very important but less common issues in Chapter 11 cases, such as more "first day" matters, and cases that might be "single asset real estate" cases, or involve "small businesses," or "health care businesses".

Date: 10/17/2023

Respectfully submitted,

/S/ David B. Golubchik
_____
Signature of: (1) Debtor's Attorney or (2) Debtor(s)

David B. Golubchik,
Levene, Neale, Bender, Yoo & Golubchik L.L.P.
David B. Golubchik
_____
Printed name

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 6    F 2081-1.1.C11.STATUS.RPT

# PART II: ADDITIONAL QUESTIONS

**INSTRUCTIONS:** The following matters may not apply in every case, but are very important if they apply to your case. **You must complete every section.**

---

**A. LEASES AND CONTRACTS** [X] **Check here and skip this section** if the Debtor is NOT a party to any unexpired leases or unexpired ("executory") contracts (*e.g.,* if the Debtor is a landlord or a tenant).

**NOTE:** *This Status Report is a statement of the Debtor's present intention. It is not equivalent to a motion (if one is required).*

| **1. Lease or contract (*describe*):** | **Intention:** <br> ☐ Reject <br> ☐ Assume <br> ☐ Assume and assign (per 11 U.S.C. § 365) <br> ☐ Other (*explain*): <br> 9 |
|---|---|
| ☐ See attached continuation page(s). | ☐ See attached continuation page(s). |
| **2. Lease or contract (*describe*):** | **Intention:** <br> ☐ Reject <br> ☐ Assume <br> ☐ Assume and assign (per 11 U.S.C. § 365) <br> ☐ Other (*explain*): |
| ☐ See attached continuation page(s). | ☐ See attached continuation page(s). |
| **3. Lease or contract (*describe*):** | **Intention:** <br> ☐ Reject <br> ☐ Assume <br> ☐ Assume and assign (per 11 U.S.C. § 365) <br> ☐ Other (*explain*): |
| ☐ See attached continuation page(s). | ☐ See attached continuation page(s). |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 7    **F 2081-1.1.C11.STATUS.RPT**

| | |
|---|---|
| **B. ADDITIONAL "FIRST DAY" MATTERS**  ☒ **Check here and <u>skip this section</u>** if there are NO "first day" matters (caution: double-check the types of motions listed below and read LBR 2081-1). | |
| **1. Immediate Payment of Payroll** <br> Does the Debtor need to pay prepetition payroll/benefits (see Local Form F 2081-2.3.MOTION.PAYROLL)? <br> ☐ **No**, the Debtor does not have employees/qualified independent contractors; or <br> ☐ **No**, the Debtor's workers were paid in full in cash at the time this case was filed. | ☐ Yes (*explain*): <br><br> ☐ See attached continuation page(s). |
| **2. Debtor-in-Possession (DIP) Financing** <br> Does the Debtor contemplate seeking post-petition financing (11 U.S.C. § 364)? <br> ☐ **No** | ☐ Yes (*explain*): <br><br> ☐ See attached continuation page(s). |
| **3. Bank Accounts and Cash Management** <br> Is the Debtor seeking authority to maintain pre-petition bank accounts, or approval of any other cash management system? <br> ☐ **No** | ☐ Yes (*explain*): <br><br> ☐ See attached continuation page(s). |
| **4. Extension to File Petition Documents** <br> Will the Debtor seek more time to file bankruptcy schedules ("Schedules") or Statement of Financial Affairs ("SOFA")? <br> ☐ **No** (not necessary) | ☐ Yes (*explain*): <br><br> ☐ See attached continuation page(s). |
| **5. Special Noticing procedures** <br> Will the Debtor seek to limit notice (or establish special noticing procedures)? <br> ☐ **No** | ☐ Yes (*explain*): <br><br> ☐ See attached continuation page(s). |
| **6. Customer Deposits** <br> Will the Debtor seek authority to honor customer deposits/obligations? <br> ☐ **No** | ☐ Yes (*explain*): <br><br> ☐ See attached continuation page(s). |
| **7. Reclamation Claims** <br> Will the Debtor seek procedures for handling reclamation claims (including claims under 11 U.S.C. §§ 503(b)(9) & 546(c))? <br> ☐ **No** | ☐ Yes (*explain*): <br><br> ☐ See attached continuation page(s). |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*  Page 8  **F 2081-1.1.C11.STATUS.RPT**

| | |
|---|---|
| **8. Omnibus Hearings**<br>Will the Debtor seek regularly scheduled omnibus hearing dates?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **9. Immediate Payment of Taxes**<br>Will the Debtor seek authority to pay taxes incurred before this case was filed?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **10. Sale Procedures**<br>Does the Debtor contemplate selling assets out of the ordinary course of business (*see* LBR 6004-1)?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **11. Employee Incentive/Severance Plans**<br>Will the Debtor seek to use incentive or severance plans for employees?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **12. Joint Case Administration**<br>Will the Debtor seek joint administration of this case with another case?<br><br>☐ **No**, there is no related case. | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **13. Claims/Noticing Agent Appointment**<br>Will the Debtor seek appointment of a claims/noticing agent (*see* Local Form **F 5075-1.1**)?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **14. Confidential Information**<br>Will the Debtor seek approval of an information access protocol under 11 U.S.C. § 1102(b)(3), or to file documents under seal (*see* LBR 5003-2(c))?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **15. Special Committees**<br>Are special committees needed (*e.g.,* retirees) (11 U.S.C. §§ 1102(a)(2), 1114(d)); or, if this is a small business case, should the court order that no committee be appointed (11 U.S.C. § 1102(d))?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*　　　　　　　　　　　　　　　Page 9　　　　　　　　　　　　　　**F 2081-1.1.C11.STATUS.RPT**

| | |
|---|---|
| **16. Other First Day Motions**<br>Does the Debtor contemplate any other "first day" motions (whether or not listed in LBR 2081-1) – *e.g.,* a "critical vendor" motion?<br>☐ **No** | ☐ Yes (*explain*):<br><br>☐ See attached continuation page(s). |

**C. CONSUMERS' CONFIDENTIAL INFORMATION** ☒ **Check here and skip this section** if (a) the Debtor does NOT have possession, custody, or control of consumers' confidential information (*e.g.,* "personally identifiable information" per 11 U.S.C. § 101(41A)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| | |
|---|---|
| **1. Privacy Ombudsman Appointment**<br>Should a "consumer privacy ombudsman" be appointed (11 U.S.C. § 332)?<br>☐ **Yes** | ☐ No (*explain*):<br><br>☐ See attached continuation page(s). |
| **2. Costs of Record Maintenance or Destruction**<br>How will the Debtor arrange and pay for the maintenance, transfer, or destruction of consumers' confidential information? | ☐ *Explain*:<br><br>☐ See attached continuation page(s). |

**D. SINGLE ASSET REAL ESTATE ("SARE") CASE** ☐ **Check here and skip this section** if (a) this is NOT a "single asset real estate" case (11 U.S.C. § 101(51B)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| | |
|---|---|
| **1. Interest Payments to Secured Creditor(s)**<br>Has the Debtor commenced paying postpetition interest to secured creditor(s), at the non-default interest rate, on the value of their interest in the real estate?<br>☐ **Yes**<br>☒ **No**, but the Debtor will do so within 90 days after the commencement of this case. | ☐ *Explain*:<br><br><br><br><br>☐ See attached continuation page(s). |
| **2. Plan Filing**<br>Has the Debtor filed "a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time" within the meaning of 11 U.S.C. § 362(d)(3)?<br>☐ **Yes**<br>☒ **No**, but the Debtor will do so within 90 days after the commencement of this case. | ☐ Explain:<br><br><br><br><br>☐ See attached continuation page(s). |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 10    **F 2081-1.1.C11.STATUS.RPT**

| | |
|---|---|
| **E. SMALL BUSINESS** ☒ **Check here and <u>skip this section</u>** if (a) the Debtor is NOT a "small business debtor" (11 U.S.C. § 101(51D)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below). | |
| **1. Small Business Duty Compliance**<br>Has the Debtor complied with *all* the duties in 11 U.S.C. § 1116 (including but not limited to maintaining adequate insurance and filing its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return)?<br>☐ **Yes** | ☐ No (*explain*):<br><br>☐ See attached continuation page(s). |
| **2. United States Trustee Inspection**<br>Has the United States Trustee inspected the Debtor's books, records and business premises (per 11 U.S.C. § 1116(7))?<br>☐ **Yes** | ☐ No (*explain*):<br><br>☐ See attached continuation page(s). |
| **3. United States Trustee Interview**<br>Has the Debtor completed the "initial debtor interview" with the United States Trustee (28 U.S.C. § 586(a)(7))?<br>☐ **Yes** | ☐ No (*explain*):<br><br>☐ See attached continuation page(s). |
| **4. Report Scheduling**<br>What schedule does the Debtor propose for filing the "periodic financial and other reports" required by 11 U.S.C. § 308 (*e.g.,* monthly with MORs)? | ☐ Monthly<br>☐ Other (*explain*):<br><br>☐ See attached continuation page(s). |
| **5. Automatic Stay**<br>Is the automatic stay applicable? *See* 11 U.S.C. § 362(n)(1) (which might eliminate the automatic stay if the Debtor was previously a small business debtor, or acquired substantially all of the assets or business of a small business debtor)?<br>☐ **Yes**, the automatic stay applies.<br>☐ **No**, the automatic stay does not apply, but the Debtor will seek relief under 11 U.S.C. § 362(n)(2). | ☐ No (*explain*):<br><br>☐ See attached continuation page(s). |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*          Page 11          **F 2081-1.1.C11.STATUS.RPT**

**F. HEALTH CARE BUSINESS** [X] **Check here and skip this section** if (a) the Debtor is NOT a "health care business" (11 U.S.C. § 101(27A)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| | |
|---|---|
| **1. Patient Care Ombudsman** Is appointment of a patient care ombudsman required (11 U.S.C. § 333)?  ☐ **No** | ☐ Yes (*explain*): <br><br> ☐ See attached continuation page(s). |
| **2. Costs of Patient Care or Transfer** How will the Debtor arrange and pay for proper care or transfer of any patients, in the event that the Debtor's health care business is closed (*see* 11 U.S.C. § 704(a)(12), incorporated by 11 U.S.C. § 1106(a)(1))? | ☐ *Explain*: <br><br> ☐ See attached continuation page(s). |

**G. EMPLOYEE BENEFIT PLANS** [X] **Check here and skip this section** if there is NO employee benefit plan (per 11 U.S.C. § 704(a)(11), incorporated by 11 U.S.C. § 1106(a)(1))?

| | |
|---|---|
| **1. Debtor's Plan Duties** Was the Debtor, or any entity designated by the Debtor, an "administrator" of such a plan as of the commencement of this case?  ☐ **No** | ☐ Yes (explain): <br><br> ☐ See attached continuation page(s). |
| **2. Plan Administration** What steps will the Debtor take to continue to administer such plan (11 U.S.C. §§ 521(a)(7), 704(a)(11), 1106(a)(1))? | ☐ Explain: <br><br> ☐ See attached continuation page(s). |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                Page 12                **F 2081-1.1.C11.STATUS.RPT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled **Chapter 11 Status Conference Report (Initial)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 17, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Alexandre I Cornelius**    cornelius@thecalaw.com, alex.cornelius100@gmail.com;crawford@thecalaw.com;officemgr@thecalaw.com;kmurphy@thecalaw.com
- **Dare Law**    dare.law@usdoj.gov
- **Wayne R Terry**    wterry@hemar-rousso.com
- **Jennifer R Tullius**    jtullius@tulliuslaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **October 17, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ *Additional service attached*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 17, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 17, 2023 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              **F 9013-3.1.PROOF.SERVICE**

```
Label Matrix for local noticing          0201 Cherokee Lane, LLC, a Delaware Limited    BMO Bank N.A.
0973-2                                    1401 21st Street. Suite R                     c/o Hemar, Rousso & Heald, LLP
Case 2:23-bk-16232-NB                     Sacramento, CA 95811-5226                     15910 Ventura Blvd., 12th Floor
Central District of California                                                          Encino, CA 91436-2802
Los Angeles
Tue Oct 17 13:34:53 PDT 2023

Los Angeles Division                      BMO Harris Bank, N.A.                         California TD Specialists, as Trustees
255 East Temple Street,                   Attn. Chris Foltman                           Attn. Patricio S. Ince, VP
Los Angeles, CA 90012-3332                111 W. Monroe Street, 4E                      8190 East Kaiser Blvd
                                          Chicago, IL 60603-4096                        Anaheim hills, CA 92808-2215


Jose Garza                                LADWP                                         Leeger Architecture
1238 Aldenville Avenue                    PO Box 30808                                  PO Box 2310
Covina, CA 91722-1526                     Los Angeles, CA 90030-0808                    Del Mar, CA 92014-1610


Private Mortgage Fund, LLC                Quarles & Brady LLP                           Quarles and Brady, LLP
Attn Ed Fischer                           Jason Curry                                   Attn. Jason D. Curry
23586 Calabasas Road, Suite 100           One Rennaissance Square                       Two North Central Avenue
Calabasas, CA 91302-1322                  Two North Central Avenue, Suite 600           Phoenix, AZ 85004-2322
                                          Phoenix, AZ 85004-2322


Southern California Gas Company           The Island Pool Service                       Tullius Law Group
PO Box C                                  14276 Berg Street                             Attn. Jennifer Tullius
Monterey Park, CA 91754-0932              Sylmar, CA 91342-4127                         515 Flower Street, 18th Floor
                                                                                        Los Angeles, CA 90071-2231


United States Trustee (LA)                World Mechanical, Inc.                        Alexandre I Cornelius
915 Wilshire Blvd, Suite 1850             660 South Figueroa Street, Suite 1888         Cornelius & Kasendorf, APC
Los Angeles, CA 90017-3560                Los Angeles, CA 90017-3433                    23801 Calabasas Rd., Suite 100
                                                                                        Calabasas, CA 91302-1568




                    The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)PMF CA REIT, LLC                       End of Label Matrix
                                          Mailable recipients    17
                                          Bypassed recipients     1
                                          Total                  18
```