1  **MARC A. LIEBERMAN (SBN 157318)**
   marc.lieberman@flpllp.com
2  **ALAN W. FORSLEY (SBN 180958)**
3  alan.forsley@flpllp.com
   **FLP LAW GROUP LLP**
4  1875 Century Park East, Suite 2230
5  Los Angeles, California 90067
   Telephone:  (310) 284-7350
6  Facsimile:  (310) 432-5999
7
   Proposed general bankruptcy counsel
8  for 9301 Cherokee Lane, LLC

9
10                  **UNITED STATES BANKRUPTCY COURT**

11            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12                      **LOS ANGELES DIVISION**

13   In re                              ) **Case No. 2:23-bk-16232-NB**
                                        )
14   9301 CHEROKEE LANE, LLC, a         )
15   Delaware limited liability company,)  Chapter 11
                                        )
16                          Debtor.     )
                                        )  **DEBTOR'S APPLICATION FOR**
17                                      )  **AUTHORITY TO EMPLOY FLP LAW**
                                        )  **GROUP LLP AS ITS GENERAL**
18                                      )  **BANKRUPTCY AND**
19                                      )  **REORGANIZATION COUNSEL;**
                                        )  **DECLARATION OF MARC A.**
20                                      )  **LIEBERMAN IN SUPPORT THEREOF**
                                        )
21                                      )
22                                      )  [No Hearing Unless Requested; LBR 2014-1]
                                        )
23                                      )
                                        )
24   _____)

25

26       By this application (the "**Application**"), debtor and debtor-in-possession 9301

27   Cherokee Lane, LLC ("**Debtor**") seeks authority to employ FLP Law Group LLP

28

                                       1

("**FLP**") as its general bankruptcy and reorganization counsel in the above-captioned bankruptcy case effective as of November 1, 2023.

In support of this Application, Debtor respectfully represents as follows:

1.      This Chapter 11 case was commenced by a voluntary petition filed on September 25, 2023 (the "**Petition Date**") by Debtor's former proposed counsel.

2.      On November 7, 2023, FLP filed a Substitution of Attorney to replace Debtor's former proposed counsel [Doc 43].

3.      FLP is an experienced bankruptcy law firm qualified to represent Debtor as its general bankruptcy and reorganization counsel. A copy of FLP's firm resume is attached as "**Exhibit 1**" to the Declaration of Marc A. Lieberman ("**Lieberman Declaration**") and incorporated herein by reference.

3.      FLP is qualified to represent Debtor, because two of its attorneys, Marc A. Lieberman and Alan W. Forsley, have, respectively, 32 and 28 years' experience representing Chapter 11 debtors in bankruptcy cases in the Central District of California and each is a Certified Specialist in Bankruptcy Law by the State Bar of California Board of Legal Specialization.

4.      Debtor requires FLP to render the following types of professional services in connection with its Chapter 11 case, including without limitation:

a.      To assist Debtor in complying with the requirements of the Office of the United States Trustee ("**OUST**") and to counsel Debtor regarding its duties as Debtor-in-Possession;

b.      To assist in administering the bankruptcy case, marshaling and preserving assets, and formulating a Chapter 11 plan of reorganization;

c.      To appear in the bankruptcy court on Debtor's behalf;

d.      To negotiate with parties-in-interest and to counsel Debtor about its roles in those negotiations;

e.      To examine claims filed against the estate and resolve any disputes;

f.      To prosecute avoidance and dischargeability actions, actions to determine the extent of liens, other adversary actions or contested matters, and any actions removed to the bankruptcy court;

g.      To assist and guide other professionals, less familiar with the bankruptcy processes and rules, in their work for Debtor that affects the Chapter 11 case;

i.      To assist Debtor in negotiating and obtaining Court approval for a proposed refinancing of its principal assets;

j.      In the event that a refinancing cannot be achieved in a timely manner, to assist Debtor employ a qualified broker to sell its principal asset in a commercially reasonable manner; and

k.      To take such other actions and perform such other services as may be required in connection with this Chapter 11 case.

7.      As a condition of representing Debtor as its general counsel, FLP has required a post-petition retainer deposit of $50,000 ("**Retainer Deposit**") to be paid as follows from the following sources:[1]

a. $10,002.97  to be transferred to FLP from client trust account of Debtor's prior counsel prior to the hearing on the Application[2];

---

[1] The Retainer Deposit shall remain in FLP's client  trust account and be drawn down upon for work in the case only after FLP's employment has been approved by the Court and after FLP fully complies with the professional fee statement procedures of the OUST.

[2] These funds (a) are the proceeds of a loan to Debtor's beneficial owner Cody Holmes from World Mechanical, Inc. ("**WMI**"); (b) were advanced pursuant to the terms of a promissory note executed by Mr. Holmes in his individual capacity, not on behalf of the Debtor; and (c) were paid directly from WMI to Debtor's former counsel. WMI is scheduled as a creditor of the Debtor with an unliquidated trade debt claim in the approximate amount of $75,000.

*Application to Employ FLP Law Group LLP as Debtor's General Bankruptcy Counsel*

    b. $13,000 transferred to FLP from Holmes Capital Corporation ("**Holmes Capital**"), Debtor's sole member;

    c. $2,000 transferred to FLP from Cody Holmes, the sole principal of Holmes Capital and, therefore, Debtor's beneficial owner; and

    d. $25,000 to be transferred to FLP from Holmes Capital upon approval of the instant Application.

 8. In addition to the Retainer Deposit, as a further condition of representing Debtor, FLP has required Mr. Holmes's personal guaranty of fees and costs incurred by Debtor in the instant case. Mr. Holmes's personal guaranty is part of Debtor's Engagement Letter ("**Engagement Letter**"), a copy of which is attached to the Lieberman Declaration as "**Exhibit 2.**"

 9. FLP intends to draw on the Retainer Deposit under "Professional Fee Statement" procedures commonly used in this district. However, no portion of any funds FLP receives for post-petition services and costs will be deemed to have been approved by the Court unless and until such time as the Court enters an order expressly allowing such fees and costs in accordance with the requirements of 11 U.S.C. §§ 330 and 331 and other applicable rules and guidelines.

 10. FLP will render services to Debtor at FLP's regular hourly rates, ("**2023-24 Rates**") which are likely to be adjusted from time to time, but no more than 10% in any calendar year. FLP will seek compensation pursuant to 11 U.S.C. § 330. A schedule of FLP's 2023-24 hourly rates (currently $595-$625) and a schedule for reimbursement of costs is attached to the Engagement Letter (**Exhibit 2** to the Lieberman Declaration).

 10. FLP has not shared or agreed to share its compensation in this case with any other person, except among the attorneys of FLP.

11.     None of FLP's attorneys have any connection with Debtor, any creditors, insiders or any other party-in-interest, as set forth in the Lieberman Declaration.

12.     Debtor and FLP know of no actual or potential conflict-of-interest between them.  To the extent any actual conflict later arises, FLP will inform the OUST and the Court.

13.     FLP is a disinterested person within the meaning of 11 U.S.C. § 101(14) and does not have or represent an interest adverse to Debtor or the bankruptcy estate.

14.     This Application asks that FLP's employment be made effective as of the November 1, 2023, which is the date that FLP began consulting with the Debtor and began reviewing documents and communicating with Debtor's creditors and former proposed counsel to get up to speed on the on the case.

**WHEREFORE**, Debtor respectfully requests:

1.     That it be authorized to employ FLP as its general bankruptcy and reorganization counsel pursuant to 11 U.S.C. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure, effective as of November 1, 2023, with compensation in such amount as the Court may allow;

2.     That FLP be authorized to draw on the Retainer under "Professional Fee Statement" procedures commonly used in this district; and

//
//
//
//
//
//

*Application to Employ FLP Law Group LLP as Debtor's General Bankruptcy Counsel*

3.     For such other and further relief as the Court deems just and proper.

DATED:   November 8, 2023

_____
Cody Holmes,  President of Holmes Capital,
Member-Manager of Debtor and Debtor-in-
Possession 9301 Cherokee Lane, LLC

*Application to Employ FLP Law Group LLP as Debtor's General Bankruptcy Counsel*

## DECLARATION OF MARC A. LIEBERMAN

I, Marc A. Lieberman, declare as follows:

1.      I am an attorney duly licensed to practice law before all courts in the State of California and before this Court.  I am a principal in the law firm of FLP Law Group LLP ("**FLP**"), proposed counsel for debtor-in-possession 9301 Cherokee Lane, LLC ("**Debtor**").  I have personal knowledge of the facts stated herein, and if called, could and would testify competently thereto.

2.      FLP attorney Alan W. Forsley and I practice regularly before the United States Bankruptcy Court and we are competent to perform the specialized services required by Debtor in this case.

3.      Mr. Forsley and I will be primarily responsible for this case.  Mr. Forsley and I have, respectively, 28 and 32 years of experience representing individual Chapter 11 debtors as general counsel in the Central District of California and as counsel in adversary proceedings and contested matters.

4.      We have filed numerous Chapter 11 cases, have confirmed several Chapter 11 plans, and participated in 17 appeals from the bankruptcy court.

5.      Further, Mr. Forsley and I are Certified Specialists in Bankruptcy Law by the State Bar of California Board of Legal Specialization.  My experience and qualifications, and those of Mr. Forsley, are expanded upon in the firm resume attached as **"Exhibit 1"** hereto.

6.      To the best of my knowledge, based on a review of FLP's computerized records and after querying of other members of FLP, neither I nor any member or associate of FLP has any material connection with Debtor, creditors, or any other party-in-interest or their respective attorneys or accountants, and neither FLP nor any of its attorneys represent any interests in Debtor's estate, other than those of the Debtor.

*Application to Employ FLP Law Group LLP as Debtor's General Bankruptcy Counsel*

7.    I do not know of any actual or potential conflict-of-interest between FLP and Debtor. FLP does not hold any pre-petition claims against Debtor.

8.    FLP will render services to Debtor at FLP's regular hourly rates, ("**2023-24 Rates**") which are likely to be adjusted from time to time, but no more than 10% in any calendar year. FLP will seek compensation pursuant to 11 U.S.C. § 330. Attached hereto as **"Exhibit 2"** is a copy of Debtor's engagement letter ("**Engagement Letter**"), which is incorporated hereat and subject to Court approval. The Engagement Letter sets forth FLP's schedule of the hourly rates (currently $595 to $625) and a schedule for reimbursement of costs charged by FLP to its regularly paying clients. The hourly rates may change from time to time. The hourly rates in effect as this case progresses will be the primary factor upon which FLP will base its requests for compensation. Other factors will include the difficulty and novelty of the work, the experience and reputation of counsel, and the imposition the matters have on FLP's other work, including preclusion from other tasks.

9.    As a condition of representing Debtor as its general counsel, FLP has required a post-petition retainer deposit of $50,000 ("**Retainer Deposit**") to be paid as follows from the following sources:[3]

a. $10,002.97 to be transferred to FLP from client trust account of Debtor's prior counsel prior to the hearing on the Application[4];

---

[3] The Retainer Deposit shall remain in FLP's client trust account and be drawn down upon for work in the case only after FLP's employment has been approved by the Court and after FLP fully complies with the professional fee statement procedures of the Office of the United States Trustee ("**OUST**").

[4] I am informed that these funds (a) are the proceeds of a loan to Cody Holmes from World Mechanical, Inc. ("**WMI**"); (b) were advanced pursuant to the terms of a promissory note executed by Mr. Holmes in his individual capacity, not on behalf of the Debtor and (3) paid directly from WMI to Debtor's former counsel. WMI is scheduled as a creditor of the Debtor with an unliquidated trade debt claim in the approximate amount of $75,000.

*Application to Employ FLP Law Group LLP as Debtor's General Bankruptcy Counsel*

b. $13,000 transferred to FLP from Holmes Capital Corporation ("**Holmes Capital**"), Debtor's sole member;

c. $2,000 transferred to FLP from Mr. Holmes, the principal of Holmes Capital and, therefore, Debtor's beneficial owner; and

d. $25,000 to be transferred to FLP from Holmes Capital upon approval of the instant Application.

8. In addition to the Retainer Deposit, as a further condition of representing Debtor, FLP has required Mr. Holmes's personal guaranty of fees and costs incurred by Debtor in the instant case. Mr. Holmes's personal guaranty is part of the Engagement Letter (**Exhibit 2**). To the extent of any conflict between the Engagement Letter and this Application, this Application shall control. Of course, to the extent of any conflict between this Application and any order approving same (the "**Order**"), the Order will control.

10. FLP intends to draw down on the Retainer Deposit in accordance with the OUST guidelines.

12. However, no portion of any funds FLP receives into trust from Debtor for post-petition services and costs will be deemed to have been approved by the Court unless the Court enters an order expressly allowing such fees and costs in accordance with the requirements of 11 U.S.C. §§ 330 and 331 and other applicable rules and guidelines.

13. Debtor requires FLP to render the following types of professional services in connection with its Chapter 11 case, including without limitation:

a. To assist Debtor in complying with the requirements of the OUST and to counsel Debtor regarding its duties as debtor-in-possession;

b. To assist in the administration of the bankruptcy case, the marshaling and preservation of assets and the formulation of a Chapter 11 plan;

c.      To make appearances in the bankruptcy court on behalf of Debtor;

d.      To conduct negotiations with creditors and other parties-in-interest and to counsel Debtor about its roles in those negotiations;

e.      To examine claims filed against the estate and resolve any disputes;

f.      To prosecute and defend lien avoidance and dischargeability actions and actions to determine the extent of liens and/or other adversary actions or contested matters;

g.      To assist in the prosecution and/or defense of any actions removed to the bankruptcy court, and to prosecute any claims Debtor may assert for an alleged breach of a settlement confidentiality agreement;

h.      To assist and guide other professionals, less familiar with the bankruptcy processes and rules, in their work for Debtors that affects the Chapter 11 case;

i.      To assist Debtor in negotiating and obtaining Court approval for a proposed refinancing of its principal assets;

j.      In the event that a refinancing cannot be achieved in a timely manner, to assist Debtor employ a qualified broker to sell its principal asset in a commercially reasonable manner; and

k.      To take such other actions and perform such other services as may be required in connection with this Chapter 11 case.

14.     To the best of my knowledge, based on a "conflicts check" and a review of FLP's regular computerized records of cases, clients and parties affected by cases, FLP has no other connection with any creditor or interested party.  I believe FLP is a disinterested party.  FLP does not represent any interest adverse to the estate.

15.    FLP neither holds nor represents any interest adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, in connection with, or interest in Debtor, or for any other reason.

16.    No employee of FLP is a relative or employee of the OUST or a bankruptcy judge.

17.    FLP and each of its professionals and para-professionals who will work on this case are familiar with the Bankruptcy Code and Rules, the Local Bankruptcy Rules and the United States Trustee's Guidelines and shall comply with them.

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 8th day of November, 2023 at Los Angeles, California.

_____
MARC A. LIEBERMAN

*Application to Employ FLP Law Group LLP as Debtor's General Bankruptcy Counsel*

# EXHIBIT 1

# Firm Resume
# FLP Law Group LLP

## *ALAN FORSLEY*

Mr. Forsley litigates business disputes in state court, federal court, and bankruptcy court. He represents individuals, businesses and trustees in Chapter 7 and Chapter 11 bankruptcy cases and adversary matters. Mr. Forsley has confirmed six Chapter 11 plans, and has completed numerous bankruptcy trials and 17 bankruptcy appeals. He has also represented parties in six state court appeals.

Mr. Forsley is licensed to practice law in California and Massachusetts. Since 2012, Mr. Forsley has been a Certified Specialist in Bankruptcy Law by The State Bar of California Board of Legal Specialization. He is admitted to practice in every district in California.

Mr. Forsley is a member of the Beverly Hills Bar Association ("BHBA"), and a past member of the BHBA Board of Governors and the BHBA Foundation ("Foundation"), a past Chair and a current member of the BHBA Bankruptcy Section Executive Committee, and a past member of the Southern California Complex Business Inn of Court. Mr. Forsley is also past Chair of the Foundation's Annual Golf Tournament Committee, and current Vice-President of the Foundation's Scholarship Committee. Mr. Forsley is also a member of the James T. King Bankruptcy Inn of Court and the Central District Consumer Bankruptcy Attorney's Association.

Mr. Forsley graduated summa cum laude from the University of California, Irvine, obtained his law degree from the University of San Diego School of Law. Mr. Forsley externed for the Honorable Judge Peter Bowie, Bankruptcy Judge in the Southern District of California, and Mr. Forsley speaks fluent Spanish.

## *CONFIRMED CHAPTER 11 PLANS:*

*In re Bonert* (2:19-bk-20836-ER)

*In re Catherine Trinh* (2:18-bk-11475-RK)

*In re N.L. Abrolat, Inc.* (2:16-bk-14302-WB)

*In re Martin Pemstein* (2:12-bk-15900-RK)

*In re Alan Fiske* (1:08-bk-18963-VK)

*In re Robert Blake* (1:06-bk-10125-GM)

## *CASES BEFORE THE 9TH CIRCUIT BANKRUPTCY APPELLATE PANEL:*

*Kaplan v. Wasko* (§ 523(a)(2) action,(cc-12-1118-PaMkBE)

*Pemstein v. Pemstein* (§ 523(a)(4)(A) action, (cc-12-1430-TaPaMk)

*MBE Digital v. Pasternak* (alleged violation of stay, cc-16-1121-FMcta)

*Asphalt v. Davis I* (§ 523(a)(2)(A) action, cc-18-1158-Fkuta)

*Asphalt v. Davis II* (§ 727(a) action, cc-18-1163-Fkuta)

*Asphalt v. Davis III* (attorney fee order, cc-18-1326-FLKu)

*Asphalt v. Davis IV* (claim objection, cc-19-1116-TaLS)

*Asphalt v. Davis V* (attorney fee order, cc-19- 1275)

*Asphalt v. Davis VI* (attorney fee order, cc-19- 1279)

*Rose v. Med Equity, LLC* (objection to claim, cc-21-1247

## *BANKRUPTCY APPEALS BEFORE THE U.S. DISTRICT COURT:*

*Friedman v. Thomas* (§ 523(a)(2)(6), CV11-02573-SVW) (defended order dismissing complaint)

*Asphalt v. Davis VII* (defended fee order appeal 2:20-cv-03492-RGK)

*Shabanets v. Remares Global, LLC* (appeal that college 529 funds not property of estate 20-cv-02276)

*Shabanets v. Remares Global, LLC* (appeal that college 529 funds not property of estate 20-cv-02274)

## *BANKRUPTCY CASES BEFORE THE 9TH CIRCUIT COURT OF APPEALS:*

*MBE Digital v. Pasternak* (violation of stay, 16-60093 (settled))

*Asphalt v. Davis VIII* (attorney fee order, 19-60036 (BAP affirmed))

*Asphalt v. Davis IX* (claim objection, 19-60061 (BAP affirmed))

## *CASES BEFORE THE CALIFORNIA COURT OF APPEALS*

*Vogel v. C. Casey Bennett, et al.* Court of Appeal, Second Appellate District, Division III, California, case No. B207248 (Nov. 2008). Represented plaintiff and appellant Vogel in a misappropriation of likeness case. Appealed the state court's order granting summary judgment

that all of Appellant's claims were barred by the United States Copyright Act. In an unpublished opinion, the Court of Appeal reversed the State Court's order.

*Kruss v. Booth, et al.* Court of Appeal, Fourth Appellate District, Division III, California, case No. G041738 (Mar. 2009). Represented defendants and appellees Booth, Carlson, Kangas and Easterbrook in a shareholders derivative action against VitroTech former officers and directors. Appellant appealed the State Court's sustaining a demurrer to Plaintiff's complaint. In a published opinion, the Court of Appeal reversed the State Court's order.

*Madison Harbor, ALC v. Tong.* Court of Appeal, Fourth Appellate District, Division III, California, case No. G039798 (Aug. 2008). Represented defendant and appellant Tong in the appeal only to overturn the State Court order entering a default judgment against Tong. After opening brief was filed, FLP was substituted out.

*Dark Hall Productions, LLC v. Yoo.* Court of Appeal, Second Appellate District, Division P, California, case No. B223362 (Dec. 2010). Represented defendant and appellant Sun Yee Yoo in the appeal to overturn the State Court judgment finding her liable for fraud, punitive damages and Court's excessive authority granting release of monies.

*Chen v. Lynch,* Court of Appeal, Second Appellate District, Division 8, California, case No. B307279 (Sept. 2020). Represented plaintiff and respondent Brian Chien-Chieh Chen as to Lynch's appeal to reverse the State Court entry of default judgment. Lynch filed a writ of supersedeas which was denied.

*Maeda v. Orange County Superior Court,* Court of Appeal, Fourth Appellate District, Division 3, California, case No. G060070 (April, 2021). Represented plaintiff and respondent 232 Grand Blvd., LLC in response to defendant Maeda's petition for writ of mandate as to a demurrer order which was denied.

*Maeda v. Orange County Superior Court,* Court of Appeal, Fourth Appellate District, Division 3, California, case No. G061850 (April, 2021). Represented plaintiff and respondent 232 Grand Blvd., LLC in response to defendant Maeda's petition for writ of mandate as to defendants' motion for summary judgment which the trial court denied. The writ of mandate was denied.

3

## Firm Resume
## FLP Law Group LLP

### MARC LIEBERMAN

Mr. Lieberman is a litigator with special expertise in insolvency and complex bankruptcy matters, representing debtors and creditors, as well as assignors and assignees in California assignment proceedings.  He has counseled businesses throughout the country on bankruptcy matters pending in California, Delaware, Nevada, Texas, New York, Illinois, and Florida.  His clients have included major lending institutions, national brokerage firms, professionals, well-known entertainers, producers, entrepreneurs, and businesses throughout the country.

Mr. Lieberman earned his A.B. with honors in Spanish and Linguistics from Brown University and his law degree from the UCLA School of Law. He is admitted to practice in every district in California and the U.S. Court of Appeals for the Ninth Circuit. The published decisions in the appeals he has handled are cited as precedent by lawyers and judges around the country.

Mr. Lieberman is often engaged to assist family law attorneys, transactional lawyers, and other litigators to advise on the bankruptcy related issues confronting their clients. He speaks and writes on bankruptcy topics, the enforcement of judgments, what civil litigators need to know about bankruptcy and the bankruptcy court, provisional remedies in business litigation, what can and cannot be accomplished in bankruptcy, as well as bankruptcy exemption planning matters.

Mr. Lieberman is currently a board member of the Insolvency Law Committee of the Business Law Section of the California Lawyers Association and member of the James. T. King Bankruptcy Inn of Court He is a former Chairman of the Bankruptcy Section of the Beverly Hills Bar Association, and former board member of the Beverly Hills Bar Association and Public Counsel. He has chaired the BHBA's Legislation Committee and represented the BHBA at the California State Bar Conference of Delegates. He is an active member of the Financial Lawyers Conference, the Los Angeles County Bar Association, and the California Bankruptcy Forum. Since 2012, Mr. Lieberman has been a Certified Specialist in Bankruptcy Law by The State Bar of California Board of Legal Specialization.

# EXHIBIT 2

# FLP LAW GROUP LLP

### ATTORNEYS AT LAW
#### A LIMITED LIABILITY PARTNERSHIP
#### INCLUDING PROFESSIONAL CORPORATIONS

1875 CENTURY PARK EAST, SUITE 2230
LOS ANGELES, CALIFORNIA 90067
WWW.FLPLLP.COM

Marc A. Lieberman, Esq.
ml@flpllp.com

| | |
|---|---|
| Telephone: | 310.284.7350 |
| Facsimile: | 310.432.5999 |

November 2, 2023

**VIA EMAIL ONLY**
Cody Holmes, President
Holmes Capital Corp., Managing Member
9301 Cherokee Lane, LLC
1401 21st Street, Suite R
Sacramento, CA 95811

Re:    **Terms of Engagement for Legal Services**

Dear Cody:

It was a pleasure speaking with you this morning.  This letter agreement will confirm the scope and terms of FLP Law Group LLP's ("**FLP**") representation of 9301 Cherokee Lane, LLC ("**Cherokee**").  This agreement will not take effect until FLP receives Cherokee's Post-Petition Deposit (defined below) and FLP's employment application is approved by the bankruptcy court. (Unless otherwise specified, the words "you" and "your" shall refer to Cherokee, and the words "we" and "our" shall refer to FLP.)  In the meantime, upon receipt of half the Retainer Deposit (defined below), FLP will appear in the case as Cherokee's "proposed counsel" in the place of other proposed counsel who have already appeared on Cherokee's behalf.

**Background.** On September 25, 2023, Cherokee, a Delaware limited liability company, filed a voluntary Chapter 11 petition commencing *In re 9301 Cherokee Lane, LLC*, Chapter 11 Case No. 2:23-bk-16323-NB, presently pending in the Central District of California as a single asset real estate case (the "**Bankruptcy Case**").

Holmes Capital Corporation ("**Holmes Capital**") is a Delaware corporation and Cherokee's sole member-manager. You individually are the sole shareholder, director, and officer of Holmes Capital.

Cherokee's schedules and statement of financial affairs have been filed.  Cherokee's sole material asset is a parcel of residential real estate (the "**Property**") with a scheduled value of $27 million.

You believe all allowed claims (secured and unsecured) can be paid in full with the proceeds of a refinancing of the Property, which is Cherokee's goal in the Bankruptcy Case.

**Scope of Services.**  You have requested that FLP substitute into the Bankruptcy Case as Cherokee's general counsel.  Until FLP's employment application is approved by the bankruptcy

# FLP LAW GROUP LLP
### A LIMITED LIABILITY PARTNERSHIP

Cody Holmes, President
Holmes Capital Corp., Member/Manager
9301 Cherokee Lane, LLC
<u>Terms of Engagement for Legal Services</u>
November 2, 2023
Page 2 of 5

court, FLP will protect Cherokee's rights as debtor-in-possession by (a) reviewing all pleadings, (b) appearing at hearings and examinations on behalf of Cherokee, (c) preparing and filing required status reports on behalf of Cherokee, (d) filing Cherokee's monthly operating reports *prepared by Cherokee*, (e) engaging in negotiations with creditors on behalf of Cherokee, and (f) interfacing with the Office of the United States Trustee on behalf of Cherokee. However, FLP will not file claim objections, prepare and file a plan and disclosure statement, or file substantive motions (except motions to extend time, as necessary to protect Cherokee's interests) until FLP's employment has been approved.

**Identity of Client.** Cherokee alone shall be FLP's client in this matter. You individually will not be FLP's client, and there are no third party beneficiaries to this agreement.

**Rates and Fees.** Our fee will be based on our 2023/2024 hourly rates, which presently range from $595 to $625. Our legal assistants charge $195 per hour or less. Our 2023/2024 Fee Schedule is attached. Our hourly rates are reviewed and changed on a periodic basis, but our 2023/2024 rates will be in effect for this matter for at least 6 months from the date of this agreement.

**Costs and Expenses Advanced.** In addition to our fees for services, you will be responsible for paying all of the out-of-pocket costs and expenses we incur on your behalf. These costs and expenses will be included in our bills to you and may include filing fees, investigator's charges, computer research charges, document preparation fees, messenger and attorney service fees, postage, mileage, parking, travel expenses, facsimile charges, copying charges and other expenses customarily charged to the client in matters such as yours.

**Billing Statements.** You will be billed on a monthly basis for work performed during the preceding month. Our bill will include a description of the professional services rendered during the billing period. Thirty days after (a) the approval of our fees by the bankruptcy court or (b) the dismissal or conversion of the case, unpaid fees and costs shall bear interest at the rate of 1% per month, which interest amounts shall be subordinated to the claims of unsecured creditors, unless the Bankruptcy Case is dismissed.

**Staffing and Billing Policy.** We make every effort to staff cases as cost-efficiently as possible. Often this means having certain work done by a junior member of the firm under the supervision of a more senior member.

**Post-Petition Retainer Deposit.** We are requesting an initial retainer deposit of $50,000 ("**Post-Petition Deposit**"), half to be paid upon the execution of this agreement and half upon court approval of FLP's employment by the bankruptcy court. The Post-Petition Deposit will be deposited into our trust account. **We will take fees and costs into income only after our employment is approved by the bankruptcy court and only in compliance with the guidelines of the Office of the United States Trustee. You individually will be the source of the Retainer**

FLP Law Group LLP
A Limited Liability Partnership

Cody Holmes, President
Holmes Capital Corp., Member/Manager
9301 Cherokee Lane, LLC
Terms of Engagement for Legal Services
November 2, 2023
Page 3 of 5

Deposit, which shall be treated by Cherokee as either an earmarked capital contribution or as an unsecured debt subordinated to the claims of other creditors.

**Personal Guaranty of Attorney Fees and Costs.**  As Cherokee's ultimate sole beneficial owner and as a material inducement for us to become Cherokee's general counsel, you individually guaranty the prompt payment of our reasonable fees and costs as and when approved by the bankruptcy court or upon the dismissal or conversion of the Bankruptcy Case.

**Termination.**  Our representation of Cherokee will automatically terminate upon the dismissal or conversion of the bankruptcy case. You may terminate FLP's services at any time upon written notice, and we also may terminate our services upon written notice.  During the pendency of the Bankruptcy Case, unless a new attorney substitutes into the case, we will remain Cherokee's counsel until relieved by the bankruptcy court.

**Communication.**  We will communicate with you primarily by telephone and email unless you specifically request otherwise.

**Records and Files Retention.**  We will maintain your case file in a digital format. It is often not administratively feasible for us to advise you of the closing of a matter or the disposal of records. We recommend, therefore, that you maintain your own files for reference or make written request for your files promptly at the conclusion of a matter.  If you have any questions concerning our records retention policies, please contact us.

**No Guarantee of Success.**  Nothing in this letter or any statements by our staff or attorneys constitutes a promise or guarantee.  Any comments about the outcome of your matter are expressions of opinion only.

**Miscellaneous.**  This agreement is subject to bankruptcy court approval and shall be governed by California law.  This agreement sets forth our entire agreement for rendering professional services. It can be amended or modified only in writing.  In the event of any dispute, the prevailing party shall be entitled to attorneys' fees, expenses of litigation and/or arbitration (including expert witnesses) and costs, both in connection with obtaining and collecting any judgment and/or arbitration award, in addition to any other relief to which that party may be entitled.  This agreement may be signed in counterparts and via facsimile signatures.

**Partial Invalidity.**  If any portion of the engagement agreement is determined by a court (including the bankruptcy court) or arbitrator to be invalid, the balance of the engagement agreement shall be enforced as if the invalid provision did not appear.

**[The remainder of this page is intentionally blank.]**

FLP LAW GROUP LLP

A LIMITED LIABILITY PARTNERSHIP

Cody Holmes, President
Holmes Capital Corp., Member/Manager
9301 Cherokee Lane, LLC
Terms of Engagement for Legal Services
November 2, 2023
Page 4 of 5

We are pleased that you have selected our law firm to represent Cherokee, and we look forward to serving you.

Very truly yours,

FLP LAW GROUP LLP

Marc A. Lieberman, Esq.

## A G R E E M E N T   &   C O N S E N T

I have read and understand the foregoing terms and conditions, and agree to them as of the date legal services were first provided by FLP Law Group.

9301 Cherokee Lane, LLC,

By Holmes Capital Corporation, its
sole member manager

By: _____
Cody Holmes, President

I personally guaranty the timely payment of FLP's reasonable attorney fees costs upon the dismissal or conversion of the instant case or as and when approved by the bankruptcy court.

By: _____
Cody Holmes, President

**FLP LAW GROUP LLP**

A LIMITED LIABILITY PARTNERSHIP

Cody Holmes, President
Holmes Capital Corp., Member/Manager
9301 Cherokee Lane, LLC
Terms of Engagement for Legal Services
November 2, 2023
Page 5 of 5

## 2023/2024 Schedule of Fees

| | |
|---|---|
| Marc A. Lieberman | $625/hour |
| Mark J. Pearl | $625/hour |
| Greg Yaris | $625/hour |
| Alan W. Forsley | $595/hour |
| Legal Assistant | $195/hour |

## 2023/2024 Schedule of Costs

| | |
|---|---|
| Parking | Actual cost |
| Delivery | Actual cost |
| Postage | Actual cost |
| Express Mail/FedEx | Actual cost |
| Mileage | $0.65/mile |
| Photocopies | $0.20/page |
| PACER (Court database) | Actual cost |
| Outside Attorney Service Fees | Actual cost |
| Filing fees | Actual cost |
| Westlaw Database Access | varies depending on scope and length of research |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

FLP LAW GROUP LLP, 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY FLP LAW GROUP LLP AS ITS GENERAL BANKRUPTCY AND REORGANIZATION COUNSEL; DECLARATION OF MARC A. LIEBERMAN IN SUPPRT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 8, 2023,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Alexandre I Cornelius**     cornelius@thecalaw.com, alex.cornelius100@gmail.com; crawford@thecalaw.com; officemgr@thecalaw.com; kmurphy@thecalaw.com
**Dare Law**     dare.law@usdoj.gov
**Wayne R Terry**     wterry@hemar-rousso.com                    ☐ Service information continued on attached page

**II. SERVED BY UNITED STATES MAIL**:
On **November 8, 2023,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on**,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| November 8, 2023 | SAFA SALEEM | |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                             **F 9013-3.1.PROOF.SERVICE**

**In re 9301 Cherokee Lane, LLC**
**USBC Case No. 2:23-bk-16232-BR**

Service List

BMO Bank N.A.
c/o Hermar, Rousso & Heald, LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436-2802

BMO Haris Bank, N.A.
Attn. Chris Foltman
111 W. Monroe Street 4E
Chicago, IL 60603-4096

California TD Specialists, as Trustee
Attn: Patricio S. Ince, VP
8190 E. Kaiser Blvd.
Anaheim Hills, CA 92808-2215

Jose Garza
1238 Aldenville Ave.
Covina, CA 91722-1526

LADWP
PO Box 30808
Los Angeles, CA 90030-0808

Leeger Architecture
PO Box 2310
Del Mar, CA 92014-1610

Private Mortgage Fund, LLC
Attn: Ed Fischer
23586 Calabasas Rd., Suite 100
Calabasas, CA 91302-1322

Quarles & Brady LLP
Jason Curry
One Rennaissance Square
Two North Central Ave., Ste. 600
Phoenix, AZ 850094-2322

Southern California Gas Company
PO Box C
Monterey Park, CA 91754-0932

The Island Pool Service
14276 Berg Street
Sylmar, CA 91342-4127

Tullius Law Group
Attn: Jennifer Tullius
515 Flower Street, 18th Floor
Los Angeles, CA 90071-2231

World Mechanical, Inc.
660 S. Figueroa St., Suite 1888
Los Angeles, CA 90017-3433