PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, State Bar No. 133775
ASSISTANT UNITED STATES TRUSTEE
DARE LAW, TRIAL ATTORNEY, SBN 155714
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017
((213) 894-4925 telephone
(213) 894-2603 facsimile
Email: dare.law@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**9301 CHEROKEE LANE, LLC, A DELAWARE LIMITED LIABILITY COMPANY,**<br><br>Debtor. | Case No.: 2:23-bk-16232 NB<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. § 1112(B) TO DISMISS, CONVERT, OR DIRECT THE APPOINTMENT OF A CHAPTER 11 TRUSTEE; DECLARATIONS OF LEGAL ASSISTANT MARIA A. RAMOS IN SUPPORT THEREOF**<br><br>Hearing Date:  February 20, 2024<br>Time:          1:00 PM<br>Place:         Courtroom 1545<br>               255 E. Temple St.<br>               Los Angeles, CA 90012 |

**TO THE HONORABLE NEIL W. BASON UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, DEBTOR, AND ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on February 20, 2024 at 1:00 PM in Courtroom 1545, or as soon thereafter as the matter may be heard, Peter C. Anderson, United States Trustee for the Central District of California "U.S. Trustee"), will move this Court for an order dismissing, converting, or

- 1 -

1  directing the appointment of a Chapter 11 trustee in the above-entitled case pursuant to 11 U.S.C. §

2  1112(b) for cause, and for such other relief as may be appropriate.

3      This Motion is based upon this Notice of Motion, the Memorandum of Points and

4  Authorities attached hereto, all other papers and pleadings on file with this Court, and such

5  evidence or argument as the Court might receive at the time of the hearing on the Motion.

6      Local Bankruptcy Rule ("LBR") 9013-1(1)(f) requires that any opposition or response to

7  this Motion must be stated in writing, filed with the Clerk of the Court and served on the United

8  States Trustee at 915 Wilshire Blvd, Suite 1850, Los Angeles, CA 90017 at least 14 days prior to

9  the hearing. Failure to file and serve any opposition may be considered consent to the relief

10 requested in this Motion.

11 Dated: January 24, 2024          PETER C. ANDERSON
                                    UNITED STATES TRUSTEE
12

13
                                By:    /s/ Dare Law
14                                     Dare Law
                                       Attorney for the United States Trustee
15

## I. INTRODUCTION

9301 Cherokee Lane, LLC, a Delaware Limited Liability Company, filed this Chapter 11 case on September 25, 2023. The U.S. Trustee alleges that cause exists for dismissal, conversion to Chapter 7, or directing the appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1112(b) because the Debtor failed to satisfy its Chapter 11 filing or reporting requirements regarding maintaining current insurance and failed to provide information requested by the United States Trustee.

## II. JURISDICTION AND STANDING

This Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (B). This motion is filed pursuant to 11 U.S.C. § 1112(b).

## III. STATEMENT OF FACTS

1. On September 25, 2023, 9301 Cherokee Lane, LLC, a Delaware Limited Liability Company (the "Debtor") filed a voluntary Chapter 11 petition.[1]

2. Debtor lists real property located at 9301 Cherokee Ln, Beverly Hills, CA 90210 described by the Debtor as a 51,813 sq ft property with 1 unit on the lot. There is 12,596 sq ft of living space in one house with 12 rooms (5 bedrooms/5.25 bathrooms). The property includes multiple patios, terrace, pool, spa, sauna, pool house with kitchen and full bath, 2 bed/2.1 bath. Debtor admits that it has not paid property taxes which were $177,861.00 for December 2022 and April 2023 payments. It is unknown whether Debtor paid property taxes due December 2023. *See* Ramos Decl.

3. The Debtor has failed to comply with the requirements of the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtors in Possession Effective September 1, 2022

---

[1] The U.S. Trustee respectfully requests that the Court take judicial notice of the Debtor's petition, schedules, statement of financial affairs, and other case commencement documents and any amendments thereto which are in the Court's file, pursuant to Fed. R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by the Debtor(s), are admissible admissions of the Debtor(s) pursuant to Fed. R. Evid. 801(d).

(Notices and Guides), Bankruptcy Code, and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend required meetings as follows:

a. The Debtor has failed to provide sufficient evidence of closing of all pre-petition bank accounts including: (a) closing bank statements; and/or (b) bank account information in the Chapter 11 Compliance Declaration.

b. The Debtor has failed to provide sufficient evidence of current insurance coverage including: (a) the declaration page for each policy; and/or (b) insurance information in the Chapter 11 Compliance Declaration. On January 24, 2024, the UST called Steadily Insurance Agency at (913) 210-8755 asking about the status of Debtor's property insurance. The insurance agent advised the UST that payment did not go through. *See*, Ramos Decl.

c. The Debtor has failed to provide copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview.

## IV. **LEGAL ARGUMENT**

### A. **CONVERSION OR DISMISSAL UNDER 11 U.S.C. § 1112(b)**

11 U.S.C. § 1112(b)(1) states:

Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

The term cause includes the following: (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public; (D) unauthorized use of cash collateral substantially harmful to one or more creditors; (E) failure to comply with an order of the Court; (F)

unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; (G) failure to attend the meeting of creditors convened under section 341(a)…without good cause shown by the debtor; (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee (or the bankruptcy administer, if any);…(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;...(K) failure to pay any fees or charges required under chapter 123 of title 28;...

11 U.S.C. § 1112(b)(4).

The bankruptcy court has broad discretion in determining what constitutes "cause" adequate for dismissal under 11 U.S.C. § 1112(b).  *See In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (9th Cir. B.A.P. 2000).  While section 1112(b)(4) identifies factors that can constitute "cause" for dismissal of a case, the list is not exhaustive. *Id*.

Local Bankruptcy Rule 2015-2(a) also mandates timely compliance with the reasonable requirements of the Office of the United States Trustee.

### A.    THE DEBTOR'S FAILURE TO COMPLY WITH U.S. TRUSTEE REQUIREMENTS CONSTITUTES "CAUSE."

A debtor's failure to timely satisfy any filing or reporting requirement is cause under 11 U.S.C. § 1112(b)(F) and (H).  Local Bankruptcy Rule 2015-2(a)(1) provides that the debtor "must file reports in compliance with this Rule and any requirements established by the United States Trustee…"  Under the U.S. Trustee Notices and Guides, a chapter 11 debtor must provide, among other things, the following documents to the U.S. Trustee within 7 days of the bankruptcy filing: real property questionnaire, proof of insurance coverage, declaration of closure of all pre-petition bank accounts, list of insiders, projected cash flow, and tax returns.  Failure to comply with the reporting requirements of the United States Trustee and Local Bankruptcy Rules is cause to dismiss or convert a chapter 11 case.  *See In re Bowers Investment Company, LLC*, 553 B.R. 762, 774 (D. Alaska 2016); *In re 3868-70 White Plains Road, Inc.*, 28 B.R. 515, 519 (Bankr. S.D.N.Y. 1983).  As detailed above and in the attached declaration in support hereof, "cause" exists under 11 U.S.C. §

1112(b)(F) and (H) because of the Debtor's unexcused failure to timely comply with U.S. Trustee reporting requirements.

Debtor does not offer any explanation to the United States Trustee why it is unable to submit timely United States Trustee compliance including proof of current adequate insurance. The statutory scheme under 11 U.S.C. §1112(b)(2)(A) and (B) is abundantly clear requiring the debtor or any other party in interest to provide a reasonable explanation for the act or omission cited as cause to dismiss or convert a debtor's case to one under chapter 7. Statutory interpretation begins with the plain meaning of the statute's language. When the statutory language is clear and consistent with the statutory scheme at issue, the statute's plain meaning is conclusive. *See, In re Jackson*, 184 F.3d 1046, 1051 (9th Cir. 1999).

Moreover, Local Bankruptcy Rule 2015-2 states, in pertinent part, "that the debtor in possession must timely provide the United States trustee with financial, management and operation reports, and such other information requested by the United States trustee in writing pursuant to the United States Trustee Notices and Guides as necessary to properly supervise the administration of a chapter 11 case."(emphasis added). Thus, the issue is not merely compliance but whether Debtor timely complied with the requirements of the United States Trustee.

**B.    THE DEBTOR'S FAILURE TO MAINTAIN INSURANCE THREATENS PUBLIC SAFETY AND EXPOSES THE ESTATE TO LIABILITY.**

A debtor's "failure to maintain appropriate insurance that poses a risk to the estate or the public" constitutes "cause" to dismiss. 11 U.S.C. § 1112 (b)(4)(C). A debtor must maintain property and liability insurance coverage so that the assets of the bankruptcy estate are protected against loss. *In re Van Eck*, 425 B.R. 54 (Bankr. D. Conn. 2010).

In the instant case, the Debtor has not met its burden of establishing that the Debtor's property is insured. Therefore, cause exists under 11 U.S.C. § 1112(b)(4)(C). The United States Trustee and certain creditors of the Debtor attempted to obtain confirmation of the monthly payment of the insurance premiums. To date, the insurance premiums remain unpaid. *See* Ramos Decl.

///

### C. THE COURT SHOULD DISMISS OR CONVERT THIS CASE.

Under 11 U.S.C. § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11 case, the court must decide which of the several court actions will best serve the estate's creditors. It must: "(1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of the creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." *In re: Sullivan*, 522 B.R. 604, 612 (9th Cir. BAP 2014). In the case at bar, Debtor has $320,301.25 general unsecured debt. Debtor lists an interest in real property it values at $27,000,000.00 which is encumbered by $8,700,000.00 owed to Private Mortgage Fund, LLC, and an "unknown" amount owed to BMO Harris Bank. *See* Schedule D.

While it appears that there is significant equity in the property, Debtor generates no income in which to pay expenses. A chapter 7 trustee may liquidate the property for the benefit of creditors. If the secured creditors work with the chapter 7 trustee to pay ongoing expenses while the property is marketed for sale, then it would be feasible for a chapter 7 trustee to administer the assets.

If the case is dismissed, the Court may prohibit a debtor from filing another bankruptcy petition for a period of 180 days where the debtor has failed to properly prosecute the case. 11 U.S.C. §§ 105, 109(g) and 349(a). Sections 349 and 105 permit dismissal with a bar to re-filing. *Leavitt v. Soto (In re Leavitt),* 209 B.R. 935, 940 (B.A.P. 9th Cir. 1997), *aff'd* 171 F.3d, 1219, 1223 (9th Cir. 1999). Section 349 gives a court authority to "sanction a debtor for cause by imposing a bar against re-filing." *See In re Mitchell*, 357 B.R 142, 157 (Bankr. C.D. Cal. 2006). Further, Section 105(a) vests a Court with the authority to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of title 11. 11 U.S.C. § 105(a). Thus, the Court can fashion the dismissal order with a re-filing bar in a way that is appropriate for the case.

Here, it appears that the case was filed to hinder or delay the Debtor's creditors, and the Debtor has no intention of prosecuting the case. As a result, the U.S. Trustee requests that the case be converted to chapter 7 to allow a chapter 7 trustee to liquidate the asset for the benefit of

creditors.  In the alternative, the United States Trustee requests this Court dismiss this case with a one hundred and eighty day prohibition against refiling.

## V. CONCLUSION

For the reasons set forth above, the Court should find cause under § 1112(b) and grant the U.S. Trustee's motion.

WHEREFORE, the U.S. Trustee respectfully requests that this Court grant this Motion and issue any other and further relief as this Court deems appropriate.

Dated:  January 24, 2024            PETER C. ANDERSON
                                    UNITED STATES TRUSTEE


                            By:   /s/ *Dare Law*
                                  Dare Law
                                  Attorney for the United States Trustee

**DECLARATION OF MARIA A. RAMOS**

I, Maria A. Ramos, hereby declare:

1. I am over the age of eighteen years, and if called upon to testify I could and would do so competently. I am employed as a Legal Assistant by the Office of the United States Trustee for the Central District of California in the Los Angeles Field Office. I am the Legal Assistant assigned to the case of *In re: 9301 Cherokee Lane, LLC, a Delaware Limited Liability Company* Case No. 2:23-bk-16232 NB. I have personal knowledge of the facts set forth herein, and based on that personal knowledge I assert that all such facts are true and correct to the best of my knowledge.

2. I am familiar with the procedures of the United States Trustee for maintaining paper and electronic submissions by debtors of the requirements of the United States Trustee for Chapter 11 debtors. These procedures include the routine maintenance of paper and electronic submissions by debtors in electronic files that are maintained for each Chapter 11 case in order for the United States Trustee to conduct his statutory duties. I have reviewed the files and electronic records of the United States Trustee for this case and have included the results of my review in this declaration.

3. I reviewed Debtor's Schedule A and the Real Property Questionnaire ("RPQ") submitted to the United States Trustee as part of its compliance with the United States Trustee's Guides for chapter 11 debtors in possession. Debtor's Schedule A lists real property located at 9301 Cherokee Ln, Beverly Hills, CA 90210 described in the RPQ by the Debtor as a 51,813 sq ft property with 1 unit on the lot. There is 12,596 sq ft of living space in one house with 12 rooms (5 bedrooms/5.25 bathrooms). The property includes multiple patios, terrace, pool, spa, sauna, pool house with kitchen and full bath, 2 bed/2.1 bath. According to the RPQ, Debtor admits that it has not paid property taxes which were $177,861.00 for December 2022 and April 2023 payments. It is unknown whether Debtor paid property taxes due December 2023.

4. Based on my review of the case file, the Debtor has failed to comply with the requirements of the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtors in Possession Effective September 1, 2022 (Notices and Guides), Bankruptcy Code, and/or Local

Bankruptcy Rules by failing to provide documents, financial reports or attend requirement meetings as follows:

    a)      The Debtor has failed to provide sufficient evidence of closing of all pre-petition bank accounts including: (a) closing bank statements; and/or (b) bank account information in the Chapter 11 Compliance Declaration.

    b)      The Debtor has failed to provide sufficient evidence of current insurance coverage including: (a) the declaration page for each policy; and/or (b) insurance information in the Chapter 11 Compliance Declaration. On January 24, 2024, I called, Courtney Pizzarusso, Insurance Agent, at Steadily (913) 210-8755 asking about the status of Debtor's property insurance. Ms. Pizzarusso advised me that payment did not go through.

    c)      The Debtor has failed to provide copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview.

I declare under penalty of perjury that the foregoing facts are true and correct. Executed on January 24, 2024 in Los Angeles, CA.

*/s/ Maria G. Ramos*
Maria A. Ramos

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017-3560**

A true and correct copy of the foregoing document entitled (*specify*):  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below: NOTICE OF MOTION AND MOTION TO DISMISS OR CONVERT UNDER 11 U.S.C. §1112(b); DECLARATION OF LEGAL CLERK IN SUPPORT THEREOF

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **01/24/2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Alan W Forsley     alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
Dare Law     dare.law@usdoj.gov
Marc A Lieberman     marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
Wayne R Terry     wterry@hemar-rousso.com
Jennifer R Tullius     jtullius@tulliuslaw.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**:  On __01/24/2024__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

9301 Cherokee Lane, LLC, a Delaware Limited Liability Company
1401 21st Street. Suite R
Sacramento, CA 95811

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  N/A    , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/24/2024 | Dare Law | /s/ *Dare Law* |
|---|---|---|
| Date | Print Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                        F 9013-3.1.PROOF.SERVICE

```
FROM:     OFFICE OF THE UNITED STATES TRUSTEE

DATE:     January 24, 2024

TO:       BANKRUPTCY NOTICING CENTER

SUBJECT:  UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE
```

**PART I**

**Please notice the subject motion for the following Chapter 11 case:**

CASE NUMBER: 2:23-bk-16232-NB

CASE NAME: 9301 Cherokee Lane, LLC, a Delaware Limited Liability Company

DATE PETITION FILED: 09/25/2023

HEARING DATE: 02/20/2024     TIME: 1:00 p.m.

COURTROOM: 1545

CONTACT AT U.S. TRUSTEE'S OFFICE: Dare Law
                                  Trial Attorney

<u>For Conversion or Dismissal Only</u>

Does the conversion or dismissal involve a joint petition wherein one party (husband or wife) has been converted or dismissed?

        {  } Yes          {X} No

If yes, explain:

PREPARED BY: Stephanie Hill

═══════════════════════════════════════════════════════════════════

**PART II**   (To be completed by BANS)

Data Entry Operator _____   Date Entered _____

Comments: _____
_____
_____