Michael S. Kogan (SBN 128500)
**KOGAN LAW FIRM, APC**
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone (310) 954-1690
mkogan@koganlawfirm.com

Attorneys for Cody Holmes

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| **In re** | **Case No. 2:23-bk-16232-NB** |
| **9301 CHEROKEE LANE, LLC,** | **Chapter 11** |
| Debtor. | **THIRD-PARTY CODY HOLMES STATEMENT REGARDING PRODUCTION OF DOCUMENTS OF GOLDMAN SACHS & CO., LLC AND WELLS FARGO BANK, N.A.** |
| | Date: February 6, 2024 |
| | Time: 9:00 a.m. |
| | Place: Courtroom 1545 |

Third-party Cody Holmes ("**Holmes**") respectfully submits this Statement in opposition to PMF CA REIT, LLC ("**PMF**"), requests for the examination and production of documents by Goldman Sachs & Co., LLC ("**Goldman**") (acct # xxx704-7) and Wells Fargo Bank, N.A. ("**Wells**") (act # xxx3164) (Goldman and Wells will be collectively referred to herein as the "**Personal Bank Accounts**"), which are both personal banking accounts of Holmes, pursuant to the Rule 2004 Examination Order entered by the Court in the 9301 Cherokee Lane, LLC (the "**Debtor**" or "**Cherokee**") bankruptcy case.

The PMF, through a 2004 examination, may seek information regarding Debtor, Cherokee's interest in the Personal Bank Accounts. But PMF's document requests ("**Requests**") far exceed that proper scope. Third-party Holmes's objects to the disclosure of personal information that are contained in the Personal Bank Accounts. **These accounts were used for every day banking, including personal living expenses totally unrelated to the Debtor, and**

---

**THIRD-PARTY CODY HOLMES STATEMENT REGARDING PRODUCTION OF DOCUMENTS OF GOLDMAN SACHS & CO., LLC AND WELLS FARGO BANK, N.A.**

1  **income derived from sources totally unrelated to the Debtor and/or other entities discussed**

2  **throughout this case**. This personal information should not be available to creditors of the Debtor

3  as they have no right to investigate how a third-party individual lives and spends his resources.

4  **Significantly, Holmes requests that he be entitled to file a full motion for protective order if**

5  **the Court does not agree with his proposal for resolution of this matter**.

6  PMF is not entitled to use the Holmes Rule 2004 Motion to launch a wholesale

7  investigation of a third-party, non-debtor Holmes's private business affairs lacking in any

8  reasonable connection to the Debtor over the requested period of 50 months (*i.e.*, from January 1,

9  2020). *See*, *e.g.*, In re Mastro, 585 B.R. 587, 597 n.12 (B.A.P. 9th Cir. 2018) (citing In re Wilcher,

10  56 B.R. 428, 434 (Bankr. N.D. Ill. 1985) ("It is clear that Rule 2004 may not be used as a device

11  to launch into a wholesale investigation of a non-debtor's private business affairs"); In re Fin.

12  Corp. of Am., 119 B.R. 728, 733 (Bankr. C.D. Cal. 1990) ("Matters having no relationship to the

13  debtor's affairs, or the administration of the bankruptcy estate are not proper subjects of a Rule

14  2004 examination")); In re Farris-Ellison, 2015 WL 5306600, at *3 (Bankr. C.D. Cal. Sept. 10,

15  2015) (holding "a Rule 2004 examination must be both 'relevant and reasonable' and 'may not be

16  used to annoy, embarrass or oppress the party being examined'"). **In other words, the PMF Rule**

17  **2004 Motion must be properly tailored to protect the private business and personal affairs of**

18  **third-party Holmes**. As currently constructed, it is not. Any notion that a 2004 examination is

19  akin to an "unfettered fishing expedition" is limited to information regarding the Debtor, but not

20  third parties such as Holmes.

21  In re Yahweh Center, Inc., 2017 WL 327473, at *4 (Bankr. E.D.N.C. Jan. 23, 2017)

22  addressed similar overbroad document requests. There, the Rule 2004 movant sought all

23  documents that were "not restricted to matters involving or related in some manner to the Debtor."

24  *Id.* The court sustained the third-party objections to the Rule 2004 document requests because they

25  sought information "with respect to matters and business not involving the Debtor." *Id.* The PMF

26  Rule 2004 Motion of the Personal Bank Accounts suffers from the same infirmities. For example,

27  Holmes should not be ordered to produce private financial information involving his living

28  operating expenses, operating expenses of unrelated entitles to the Debtor, or Holmes's

**THIRD-PARTY CODY HOLMES STATEMENT REGARDING PRODUCTION OF DOCUMENTS OF
GOLDMAN SACHS & CO., LLC AND WELLS FARGO BANK, N.A.**

1   distributions and transactions with non-debtor affiliated parties. Producing every piece of paper

2   related to such transactions, as PMF requests, would be unduly burdensome and infringe upon

3   personal information liberties. See, e.g., Moon v. SCP Pool Corp., 232 F.R.D. 633, 637–38 (C.D.

4   Cal. 2005) (court finding that non-party subpoena imposes "undue burden" and is "overbroad on

5   [its] face and exceed[s] the bounds of fair discovery" because the document requests broadly seek

6   any and all documents over a great period relating to defendant and nonparty).

7          Holmes has proposed voluntarily producing the Personal Bank Accounts redacted to reflect

8   from January 1, 2022, of all transactions between the Debtor and Holmes; and any related

9   transactions that contained in the Personal Bank Accounts concerning transactions that may have

10  indirectly benefited the Debtor. But requiring Holmes to produce many years' worth of documents

11  concerning unrelated transactions where the Debtor is not involved is unfair and unduly

12  burdensome, and infringes on Holmes personal life and unrelated business transactions that PMF

13  may want to obtain to be used against other parties not the Debtor. Such a compromise provides

14  relevant Debtor-related information to PMF, but does not exceed the bounds of a Rule 2004

15  examination.

16         It is well established in both the Bankruptcy Code and Bankruptcy Rules that third parties

17  are entitled to protection against disclosure and/or dissemination of its "trade secret or other

18  confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. *See e.g.*,

19  Nuratech Inc. v. Syntech (SSPF) Intern., Inc., 242 F.R.D. 552 (C.D. Cal. 2007). Here, PMF seeks

20  the disclosure of confidential commercial and personal information from the Personal bank

21  Accounts. PMF can and may use such information to learn about other commercial ventures

22  Holmes is involved in to the detriment of Holmes if such information is disclosed. Holmes is

23  concerned that the disclosure this commercial and personal information could negatively impact

24  Holmes future business with other third parties.

25         Holmes requests that the Court limit the scope of the Requests in the PMF Rule 2004

26  Motion of the Personal Bank Accounts to redacted Personal Bank Accounts, to only transactions

27  regarding the Debtor, to commence from January 1, 2022. Moreover, Holmes will also include

28  any related transactions that are contained in the Personal Bank Accounts concerning transactions

**THIRD-PARTY CODY HOLMES STATEMENT REGARDING PRODUCTION OF DOCUMENTS OF
GOLDMAN SACHS & CO., LLC AND WELLS FARGO BANK, N.A.**

1  that may have indirectly benefited the Debtor. Holmes will also execute a declaration under

2  penalty of perjury that he has diligently reviewed the Personal Bank Accounts for this information

3  and provided all information contained in those Personal Bank Accounts relevant to the scope of

4  the review. The alternative to this procedure is that Holmes would agree to an independent third-

5  party being appointed to review the Personal Bank Accounts for this information, redact as

6  appropriate, and submit redacted versions to PMF at PMF's sole expense.

7       Accordingly, for all of the reasons stated herein, Holmes requests that the Court grant the

8  relief requested in this statement at the scheduled meet and confer on February 6, 2024, or allow

9  appropriate time for the filing of a motion for protective order and hearing thereon. Holmes is

10  always agreeable to further meet and confer with PMF on the aforementioned issues to avoid, if

11  possible, further litigation on this matter.

12

13

14  DATED: February 5, 2024          KOGAN LAW FIRM

15                             Michael S. Kogan

16

17                      By:  /s/ Michael S. Kogan

18                           Michael S. Kogan
                         Attorneys for Cody Holmes

19

20

21

22

23

24

25

26

27

28

4

**THIRD-PARTY CODY HOLMES STATEMENT REGARDING PRODUCTION OF DOCUMENTS OF GOLDMAN SACHS & CO., LLC AND WELLS FARGO BANK, N.A.**

| In re 9301 Cherokee Lane, LLC | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:23-bk-16232-NB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11500 W. Olympic Blvd., Suite 400, Los Angeles, CA 90064

A true and correct copy of the foregoing document described as **THIRD-PARTY CODY HOLMES STATEMENT REGARDING PRODUCTION OF DOCUMENTS OF GOLDMAN SACHS & CO., LLC AND WELLS FARGO BANK, N.A.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:
.

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 5, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On **February 5, 2024** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed. *VIA U.S. MAIL*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 5, 2024 | Pamela Lynn | /s/Pamela Lynn |
|---|---|---|
| Date | Type Name | Signature |

| In re: 9301 Cherokee Lane, LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:23-bk-16232-NB |

**ADDITIONAL SERVICE INFORMATION (if needed):**

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Catherine M. G. Allen on behalf of Creditor BMO Bank N.A.
catherine.allen@quarles.com, sybil.aytch@quarles.com

Lindsay A Aragon on behalf of Creditor PMF CA REIT, LLC
lindsay@aragonlaw.com

Alan W Forsley on behalf of Debtor 9301 Cherokee Lane, LLC, a Delaware Limited
Liability Company
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Alan W Forsley on behalf of Interested Party Alan W. Forsley
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Michael S Kogan on behalf of Interested Party Michael Kogan
mkogan@koganlawfirm.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Marc A Lieberman on behalf of Debtor 9301 Cherokee Lane, LLC, a Delaware Limited
Liability Company
marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com

Wayne R Terry on behalf of Creditor BMO Bank N.A.
wterry@hemar-rousso.com

Jennifer R Tullius on behalf of Creditor PMF CA REIT, LLC
jtullius@tulliuslaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL - VIA U.S. MAIL

Presiding Judge
Honorable Neil W. Bason
U.S. Bankruptcy Court
255 E. Temple St., #1552
Los Angeles, CA 90012